IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ADVANCED INVASIVE PAIN MANAGEMENT OF HOUSTON, INC. *Plaintiff,* | § § § § | |
| vs. | § § | CIVIL ACTION NO. 3:23-CV-70 |
| AMGUARD INSURANCE COMPANY *Defendant.* | § § § | |

## DEFENDANT AMGUARD INSURANCE COMPANY'S ORIGINAL ANSWER

TO THE HONORABLE COURT:

Defendant AMGUARD INSURANCE COMPANY ("Defendant") files Defendant's Original Answer and in support thereof shows as follows:

### SUMMARY

1. The allegations contained in Paragraph 1 do not require an answer of AmGUARD; however, out of abundance of caution, they are denied for lack of sufficient information or knowledge to justify a belief herein.

2. The allegations contained in Paragraph 2 are admitted in that AmGUARD is a national insurance company. The remaining allegations are denied.

3. The allegations contained in Paragraph 3 are denied.

4. The allegations contained in Paragraph 4 are denied.

5. The allegations contained in Paragraph 5 do not require an answer of AmGUARD, but out of abundance of caution, the allegations are denied.

### PARTIES

6. The allegations contained in Paragraph 6 are admitted.

7. The allegations contained in Paragraph 7 are admitted.

## AGENCY, RESPONDEAT SUPERIOR, AND CONCERT OF ACTION

8. The allegations contained in Paragraph 8 do not require an answer of AmGUARD; however, out of abundance of caution, the allegations are denied.

9. The allegations contained in Paragraph 9 are denied.

10. The allegations contained in Paragraph 10 are denied.

## COMPLIANCE WITH TEXAS INSURANCE CODE SECTION 542A

11. The allegations contained in Paragraph 11 are denied.

## CONDITIONS PRECEDENT

12. The allegations contained in Paragraph 12 are denied.

## JURISDICTION AND VENUE

13. The allegations contained in Paragraph 13 are denied. Answering further, the United States District Court for the Southern District of Texas, Galveston Division has diversity jurisdiction over this matter.

14. The allegations contained in Paragraph 14 are are denied. Answering further, the United States District Court for the Southern District of Texas, Galveston Division has diversity jurisdiction over this matter.

15. The allegations contained in Paragraph 15 are denied. Answering further, the United States District Court for the Southern District of Texas, Galveston Division is the proper venue for this matter pursuant to 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

16. Defendant reasserts the responses to the foregoing paragraphs.

17. The allegations contained in Paragraph 17 are denied.

18. The allegations contained in Paragraph 18 are admitted in that Dr. Keepers has a policy of insurance issued by AmGUARD and that Dr. Keepers made a claim on the policy. All

remaining allegations are denied as written. Answering further, the Policy is the best evidence of the parties' intent, including all terms, conditions and exclusions, and is referenced as if copied herein in extenso

19. The allegations contained in Paragraph 19 are denied.

## Violations of the Texas Insurance Code

20. The allegations contained in Paragraph 20 are denied.

21. The allegations contained in Paragraph 21 are denied.

22. The allegations contained in Paragraph 22 are denied.

## AmGUARD Committed Violations of the Texas Insurance Code, Failed to Inspect or Promptly Pay the Claim

23. The allegations contained in Paragraph 23 are denied.

24. The allegations contained in Paragraph 24 are denied.

25. The allegations contained in Paragraph 25 are denied.

## CAUSES OF ACTION AGAINST AMGUARD
## Unfair Settlement Practices –
## Violations of the Texas Insurance Code

26. AmGUARD reasserts and realleges its responses to the allegations contained in the foregoing paragraphs.

27. The allegations contained in Paragraph 27 are denied.

28. The allegations contained in Paragraph 28 are denied.

29. The allegations contained in Paragraph 29 are denied.

30. The allegations contained in Paragraph 30 are denied.

31. The allegations contained in Paragraph 31 are denied.

32. The allegations contained in Paragraph 32 are denied.

33. The allegations contained in Paragraph 33 are denied.

34. The allegations contained in Paragraph 34 are denied.

<strong><u>Failure to Make Prompt Payment of Claim –<br>Violations of the Texas Insurance Code</u></strong>

35. AmGUARD reasserts and realleges its responses to the allegations contained in the foregoing paragraphs.

36. The allegations contained in Paragraph 36 are denied.

37. The allegations contained in Paragraph 37 are denied.

38. The allegations contained in Paragraph 38 are denied.

<strong><u>Statutory Interest –<br>Violations of the Texas Insurance Code</u></strong>

39. AmGUARD reasserts and realleges its responses to the allegations contained in the foregoing paragraphs.

40. The allegations contained in Paragraph 40 are denied.

<strong>BREACH OF CONTRACT</strong>

41. AmGUARD reasserts and realleges its responses to the allegations contained in the foregoing paragraphs.

42. The allegations contained in Paragraph 42 are denied.

<strong><u>BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING</u></strong>

43. AmGUARD reasserts and realleges its responses to the allegations contained in the foregoing paragraphs.

44. The allegations contained in Paragraph 44 are denied.

45. The allegations contained in Paragraph 45 are denied.

46. The allegations contained in Paragraph 46 are denied.

47. The allegations contained in Paragraph 47 are denied.

48. The allegations contained in Paragraph 48 are denied.

## DECLARATORY JUDGMENT

49. AmGUARD reasserts and realleges its responses to the allegations contained in the foregoing paragraphs.

50. The allegations contained in Paragraph 50 are denied.

51. The allegations in Paragraph 51 of Plaintiff's Original Petition do not require an answer of AmGUARD; however, out of abundance of caution, denied.

## ATTORNEY'S FEES

52. AmGUARD reasserts and realleges its responses to the allegations contained in the foregoing paragraphs.

53. The allegations contained in Paragraph 52 are denied.

## TEXAS RULE OF CIVIL PROCEDURE 47

54. The allegations contained in Paragraph 53 do not require answer of AmGUARD; however, out of abundance of caution, AmGUARD denies that plaintiff is entitled to over $1,000,000 in damages.

55. The allegations contained in Paragraph 54 are denied.

56. The allegations contained in Paragraph 55 are denied. Answering further, the Texas Rules of Civil Procedure do not apply in the United States District Court for the Southern District of Texas, Galveston Division.

## JURY DEMAND

57. The allegations contained in Paragraph 57 do not require an answer of AmGUARD. AmGUARD also requests a trial by jury.

## PRAYER FOR RELIEF

58. AmGUARD denies that Plaintiff is entitled to the relief sought in the Prayer for Relief in Paragraph 58 and subparts (a)-(e).

**ANSWERING FURTHER,**

AmGUARD pleads the following defenses:

## FIRST DEFENSE

Plaintiff fails to state a claim or cause of action against AmGUARD upon which relief can be granted.

## SECOND DEFENSE

AmGUARD issued Policy ADBP192454-002-002-002 (the "Policy") to Advanced Invasive Pain Management, which policy is the best evidence of the terms, conditions and exclusions contained therein, a copy of which is attached hereto as **Exhibit A** and incorporated herein by reference. As such, AmGUARD pleads all policy definitions, limitations, deductibles, retentions, terms, conditions, and exclusions of the Policy as if copied here *in extenso*.

## THIRD DEFENSE

To the extent, Plaintiff seeks compensation for property damage that preexisted the inception of the Policy, such damages are barred.

## FOURTH DEFENSE

Plaintiff's claims may be barred, in whole or part, by the doctrines of unclean hands, waiver, payment, and estoppel.

## FIFTH DEFENSE

AmGUARD asserts that a bonafide dispute exists with respect to the cause, scope and amount of covered loss at issue and Plaintiff's entitlement to insurance benefits under the Policy. AmGUARD possesses the right to investigate claims without facing bad faith liability.

## SIXTH DEFENSE

Plaintiff's damages, if any, are limited by the amount set forth in the Policy limitations provisions with respect to Limits of Insurance.

## SEVENTH DEFENSE

Plaintiff's claims are barred in whole or part by the warranties, terms, definitions, provisions, conditions, exclusions and limitations of the Policy.

## EIGHTH DEFENSE

AmGUARD avers that Plaintiff's claims are barred, limited, or reduced to the extent Plaintiff failed to take reasonable measures to mitigate, minimize, or avoid any damages allegedly sustained.

## NINTH DEFENSE

To the extent that Plaintiff's damages were caused by non-covered perils, Plaintiff's claims are barred.

## TENTH DEFENSE

AmGUARD denies that it acted arbitrarily, capriciously, or in bad faith. AmGUARD avers that at all times pertinent hereto, it acted in good faith and in compliance with all applicable statutes.

## ELEVENTH DEFENSE

Plaintiff's claims are contractually limited; therefore, Plaintiff is not entitled to an award, extracontractual damages or attorney fees.

## TWELFTH DEFENSE

At all times relevant hereto, AmGUARD acted reasonably and in good faith in its dealings with Plaintiff, and AmGUARD has thus fully complied with the Texas Insurance Code, the Prompt Payment Act, and all other applicable laws and regulations.

## THIRTEENTH DEFENSE

AmGUARD's liability, if any, may be limited, barred or reduced to the extent Plaintiff's claimed damages (if any) do not trigger the insuring agreement of the Policy.

## FOURTEENTH DEFENSE

AmGUARD, without admitting any liability and expressly denying all liability, pleads its entitlement to an offset and/or credit for any payment or other consideration received by the Plaintiff from any source for the damages alleged against any purported insureds, including but not limited to any overpayment that may have been made by AmGUARD.

## FIFTEENTH DEFENSE

AmGUARD's liability, if any, may be limited, barred or reduced to the extent Plaintiff is a party to other insurance contracts which may respond to the alleged losses and damages.

## SIXTEENTH DEFENSE

Plaintiff's claimed injuries and damages, if any, were attributable to superseding or intervening causes for which AmGUARD cannot be held liable.

## SEVENTEENTH DEFENSE

Plaintiff's claimed injuries and damages, if any, are barred (in whole or in part) as they were caused by the fault and/or negligence of third parties for whom AmGUARD and/or any purported insureds are not responsible, and such fault and/or negligence will bar or reduce any recovery herein.

## EIGHTEENTH DEFENSE

Plaintiff's claimed injuries and damages, if any, were caused by the actions and/or omissions of the Plaintiff.

## NINETEENTH DEFENSE

To the extent any affirmative defenses pleaded herein are contradictory, mutually exclusive, or otherwise inconsistent, AmGUARD pleads such contradictory, mutually exclusive, or inconsistent affirmative defenses in the alternative.

## TWENTIETH DEFENSE

AmGUARD does not have a contractual obligation to Plaintiff; therefore, the duty of good faith does not exist.

## JURY TRIAL REQUEST

AmGUARD requests a trial by jury as to all parties and issues herein that are triable to a jury.

## RESERVATION OF RIGHTS

AmGUARD's liability, if any, may be limited, barred or reduced, in whole or in part, due to additional affirmative defenses that cannot now be articulated by AmGUARD; as such, AmGUARD reserves its rights to supplement this answer and raise additional defenses as may become applicable upon further amplification of Plaintiff's claims and discovery of information presently unknown to AmGUARD.

AmGUARD reserves the right to amend its responsive pleadings to specifically cite additional policy language that bars recover for the claims asserted.

**CONCLUSION**

For these reasons, Defendant AMGUARD INSURANCE COMPANY respectfully requests that, upon final hearing of this cause, the Court enter a judgment that Plaintiff ADVANCED PAIN MANAGEMENT OF HOUSTON, INC. take nothing by way of their claims and causes of action against Defendant and that all costs of court be assessed against Plaintiff. Defendant also requests all such other and further relief, at law or in equity, to which Defendant is justly entitled.

Filed this 10th day of March, 2023.

Respectfully Submitted,

**THOMPSON, COE, COUSINS & IRONS, LLP**

*/s/ Mary-Ellen King*
**MARK KRESSENBERG**
State Bar No. 11725900
One Riverway, Suite 1400
Houston, Texas 77056
Telephone: (713) 403-8210
Fax: (713) 403-8299
mkressenberg@thompsoncoe.com
**MARY-ELLEN KING**
State Bar No. 24067219
2801 Via Fortuna, Suite 300
Austin, Texas 78746
Telephone: (512) 827-2305
Fax: (512) 708-8777
mking@thompsoncoe.com

**ATTORNEYS FOR DEFENDANT,
AMGUARD INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

  I hereby certify that on March 10, 2023, I served the following document on all counsel of record via electronic notice and/or facsimile:

**MURR LAW, PLLC**

George B. Murr
State Bar No. 00794348
4101 Washington Avenue
Houston, TX 77007
Telephone: 713-966-6141
Fax: 713-588-2412
murr@my-lawyers.com
**ATTORNEY FOR PLAINTIFF**

            */s/ Mary-Ellen King*
            Mary-Ellen King